UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEMETRIUS JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-cv-00468-JMS-DKL |
| ) | |
| BRYAN SMITH, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Demetrius Jones for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. RDC 16-09-0014. For the reasons explained in this Entry, Mr. Jones's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On September 10, 2016, Sergeant Tooley wrote a Conduct Report charging Mr. Jones with battery in violation of Code B-212. The Conduct Report states:

> On 9/10/2016 at 4:20 a.m. while review of the camera footage of the Unit 6 restroom entrance on 9/9/2016 at 21:40, Offender Demetrius Jones assisted other Offenders in assaulting Offender Rodger-Potter IDOC # 185338. Offender Jones did this by preventing Offender Potter from leaving the restroom by grabbing a hold of him and pushing him back into the restroom.

Filing No. 8-1 at 1. Officer Truex also completed an incident report, which states:

> While reviewing camera footage from an assault in housing unit 6 on 9/9/2016, I witnessed offender Demetrius Jones, IDOC#108651, pulled offender Richard Rodgers-Potter, IDOC# 185338 back into the restroom. Rodgers-Potter was attempting to escape two offenders who were attacking him in the restroom as Jones pulled him back into the assault. Upon further review camera footage shows Jones shove Rodgers-Potter into the two offenders who assaulted him, prior to the assault. These offenders were identified Tevin Orr, IDOC#233973, and Anthony Heard, IDOC# 200677.

Filing No. 8-2 at 1. Although the incident occurred at Heritage Trails Correctional Facility ("HTCF"), the Conduct Report was written the next day when Mr. Jones had been transferred to the Reception Diagnostic Center ("RDC"). Filing No. 8-4 at 1.

Mr. Jones was notified of the charge on September 12, 2016, when he received the Screening Report on the incident. He plead not guilty to the charge, requested a lay advocate, requested the victim as a witness, did not request any physical evidence, and waived twenty-four notice of the hearing. Filing No. 8-5 at 1.

A hearing was held on September 15, 2016. After reviewing the Staff Reports, Mr. Jones's statement that he did not assault the victim, and the video evidence, the hearing officer changed the charge from battery to aiding an assault and found Mr. Jones guilty of that offense. The hearing officer stated that "Jones did not assault the offender but did hold him up (stop him) when [the

offender was] trying to escape." Filing No. 8-7 at 1. Mr. Jones's sanctions included a sixty-day earned-credit-time deprivation and a suspended credit-class demotion.

Mr. Jones appealed to Facility Head and to the IDOC Final Reviewing Authority, and as discussed further below, both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.    Analysis**

Mr. Jones raises five claims in his habeas petition. The respondent argues that all but one of Mr. Jones's five claims are procedurally defaulted because he failed to raise them during the administrative appeals process and the time to do so has passed. The Court will address the issue of procedural default before turning to the merits of whatever claims remain.

*1.    Procedural Default*

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present . . . the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Fair presentment requires a petitioner to "put forward [the] operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 593 (7th Cir. 2006) (citation and quotation marks omitted).

In Mr. Jones's first appeal to the Facility Head, he raised only one issue. Specifically, he argued that his paperwork was "tampered" with because he was screened for a different charge

than the one for which he was ultimately found guilty. Filing No. 8-9 at 1. The respondent argues that only this claim was properly exhausted because it was the only claim fairly presented during Mr. Jones's administrative appeals.

Mr. Jones does not dispute that this was the only claim he raised nor that his other claims are procedurally defaulted because of this. Instead, he appears to argue that he should be excused for failing to raise his additional claims. Specifically, in his habeas petition, Mr. Jones states that he did not have adequate knowledge of the disciplinary policy, was transferred on two occasions during the relevant time, and he had to rely on correctional staff to file his appeals. *See* Filing No. 1 at 3.

"A federal court may excuse a procedural default if the habeas petitioner establishes that . . . there was good cause for the default and consequent prejudice." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015). "Cause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding. Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (citation and quotation marks omitted).

None of Mr. Jones's asserted bases for not raising his other claims during his administrative appeals are sufficient to establish good cause to overcome his procedural default. First, his simple assertion that he did not have "adequate knowledge" regarding the disciplinary policy cannot establish good cause. As a general matter, the Seventh Circuit has made clear that a personal lack of knowledge or ability does not establish good cause. *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990). This makes sense, given that "[c]ause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding." *Johnson*, 786 F.3d at 505.

Moreover, even if his asserted lack of adequate knowledge regarding the disciplinary process could establish good cause, he has failed to explain with any specificity what knowledge he lacked at the time he filed his administrative appeals but later gained such that he was able to raise his claims in this habeas proceeding but not during the administrative appeals. The respondent points out that copies of the disciplinary policy are available at all correctional facilities and, perhaps more importantly, that Mr. Jones had a copy of the screening report, which specifically sets forth his rights during the disciplinary process (and the grounds on which he can challenge the process). Mr. Jones does not even assert otherwise in his reply. There is thus no basis for the Court to conclude that he lacked adequate access to the disciplinary policy.

Second, Mr. Jones attempts to show good cause by pointing out that he was transferred to two different correctional facilities when his disciplinary proceedings and administrative appeals were ongoing. Although a prisoner's transfer to a different correctional facility could under the right circumstances constitute good cause, this is not the case here. Neither of Mr. Jones's transfers could have possibly impacted his ability to adequately raise all of his claims in his first administrative appeal. The first transfer, from HTCF to RDC, occurred on September 10, 2016, which was *before* the disciplinary hearing occurred at RDC. *See* Filing No. 8-4 at 1. The second transfer, from RDC to Putnamville Correctional Facility, occurred on October 11, 2016. *See id.* But Mr. Jones's ten-day period during which he could appeal ran from September 15, 2016, and he filed his appeal on September 19, 2016. *See* Filing No. 8-7; Filing No. 8-9. The second transfer therefore occurred well *after* the first administrative appeal. In short, the two transfers to which Mr. Jones refers could not have possibly affected his ability to adequately raise his claims, as neither occurred during the relevant appellate period.

Third, Mr. Jones asserts that he had to rely on correctional staff to file his appeals. But as the respondent correctly maintains, he does not explain how this prevented him from raising his other claims. His first appeal was timely filed, and it adequately explained the basis for one claim, but it did not raise any others. Therefore, Mr. Jones's vague assertion that he had to rely on correctional staff to file his appeals is insufficient to establish good cause to overcome his procedural default.

In sum, none of Mr. Jones's three bases to show the good cause necessary to overcome his procedural default have merit. Thus, all of Mr. Jones's claims—other than his claim regarding the altered charge raised in his administrative appeals—are procedurally defaulted, and Mr. Jones cannot overcome this default. The Court will not address these claims on the merits and will instead turn next to the one claim Mr. Jones adequately exhausted.

### 2. Merits

The only claim not procedurally defaulted by Mr. Jones is that he was found guilty of a different violation than that with which he was originally charged. Specifically, Mr. Jones states that he was originally charged with assault (in violation of Code A-102), but he was found guilty at the hearing of aiding an assault (in violation of B-212). This, says Mr. Jones, prevented him from adequately defending against this charge. The respondent argues that a change in charges is permissible so long as Mr. Jones had adequate notice of the factual basis for the original charge, and because he did, his due process rights were not violated.

"Indiana inmates have a protected liberty interest in their credit-earning class, and therefore are entitled to receive advance written notice of the charges against them." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations omitted). "The notice should inform the inmate of the

rule allegedly violated and summarize the facts underlying the charge," which allows "the accused to gather the relevant facts and prepare a defense." *Id.* (citations and quotation marks omitted).

The Seventh Circuit rejected an analogous argument to the one Mr. Jones advances here in *Northern*. In that case, the petitioner's charge was changed on appeal from conspiracy and bribery to attempted trafficking of tobacco. This change did not violate due process, concluded the Seventh Circuit, because the written notice informing the petitioner of the factual basis for his charge provided the petitioner with "all the information he needed to defend against the trafficking charge." *Id.* at 911. Simply put, if the facts of the initial charge are "sufficient to apprise [the petitioner] that he could be subject to a [different] charge," due process is not violated because the defendant is on notice that he could be subject to a different charge and has all the factual information necessary to prepare a defense against that charge. *Id.* at 910-11; *see Moshenek v. Vannatta*, 74 Fed. Appx. 639, 641 (7th Cir. 2003) (noting that the Seventh Circuit in *Northern* held that the "notice of the original offense is sufficient where the modified charge has the same factual basis").

This case is essentially the same as *Northern*. Mr. Jones was charged with assault or battery but was ultimately found guilty of aiding in an assault. The factual basis for the two offenses was the same, and thus Mr. Jones's ability to defend against the charge was not hindered. Given this, Mr. Jones's due process rights were not violated and he is not entitled to habeas relief on this claim.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Jones to the relief he seeks.

Accordingly, Mr. Jones's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/12/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov

DEMETRIUS JONES
108651
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only